**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WILLIAM H. PAYTON,**

**Plaintiff,**

**v.**

**Civil Action 2:25-cv-114**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

**KEN ROE, *et al.*,**

**Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, William H. Payton, an Ohio inmate proceeding without the assistance of counsel, commenced this action under 42 U.S.C. § 1983 against several employees of Ohio Penal Industries ("OPI"), an agency of the Ohio Department of Rehabilitation and Correction ("ODRC") on February 7, 2025. (ECF No. 1). On April 21, 2026, Defendants filed a Notice of Suggestion of Death Upon the Record, representing that Plaintiff died on April 13, 2026 (ECF No. 49). Defendants served their Notice on Plaintiff's next of kin, John McCabe, and informed him on April 20, 2026, that the Notice should be forwarded to the executor or administrator of Plaintiff's estate. (*Id.*).

When no further activity occurred on the docket for almost two months, the undersigned issued an Order requiring the administrator of William Payton's estate to file a notice on or before July 20, 2026, as to whether any successor or representative of William Payton intended to substitute as Plaintiff in this action. (ECF No. 51.) The Order was served on Mr. McCabe with instructions for him to forward the Order to the executor or administrator of William Payton's

estate. (*Id.*) The Clerk of Court confirmed delivery to Mr. McCabe via certified mail on June 29, 2026. (ECF No. 52.)

When no response was filed by the July 20, 2026 deadline, the Court (noting that this action cannot proceed unless a successor or representative of William Payton substitutes as Plaintiff) ordered the executor or administrator of William Payton's estate to show cause, on or before September 4, 2026, why the Court should not dismiss this action for failure to prosecute. (ECF No. 53.) Mr. Payton's executor or administrator was expressly cautioned that failure to show cause would result in dismissal without prejudice of this action for failure to prosecute. (*Id.*)

To date, there has been no further activity on the docket and no contact with the Court by Mr. Payton's executor or administrator. Under the circumstances presented here, the undersigned recommends dismissal of Plaintiff's action under Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff's executor failed to comply with the Court's Orders instructing him or her to inform the Court as to whether anyone intended to substitute as Plaintiff following Mr. Payton's death. (*See* ECF Nos. 51, 53.) Moreover, the Court cautioned that failure to respond may result in dismissal of this action (*see* ECF No. 53). *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) ("[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's executor's failure to timely comply with the clear orders of the Court, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff's executor has missed these deadlines and disregarded the Court's orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION** under Rule 41(b) for failure to prosecute.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE